# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| FRANK SIMS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § EP-10-CV-299-KC |
| | § |
| HOUSING AUTHORITY OF THE | § |
| CITY OF EL PASO, | § |
| | § |
| Defendant. | § |

## ORDER

On this day, the Court considered Defendant's Motion for Summary Judgment ("Motion"), ECF No. 15. For the reasons set forth below, the Motion is **DENIED**.

### I. BACKGROUND

The following facts are undisputed, except where otherwise noted.[1]

Defendant employed Plaintiff in various maintenance positions, including stints in supervisory roles, from November 1987 until August 2009. Def.'s Proposed Undisputed Facts ("Defendant's Facts") ¶ 2, ECF No. 15-1. In August 2009, Defendant offered Plaintiff a choice between termination and resignation with severance benefits. *Id.* ¶ 3. However, as a condition of its payment of the severance benefits, which consisted of payment for Plaintiff's accrued paid time off and one week of severance pay, Defendant required Plaintiff to sign a release agreement

---

[1] Plaintiff did not comply with this Court's Standing Order Governing Motions for Summary Judgment, in that he did not submit a paragraph-by-paragraph response to Defendant's Proposed Undisputed Facts. However, given that the relevant facts here are not extensive or complex and that Plaintiff submitted sufficient evidence and argument for the Court to easily determine which facts were disputed, the Court will not penalize Plaintiff for his error. However, the Court expects full compliance with its orders in the future.

waiving any employment-related claims he might have against Defendant. Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Response") 2, ECF No. 17; *see* Aff. of Sajmon Luckose Ex. 1 ("Agreement") ¶¶ 6-7, ECF No. 15-1. The Agreement specifically provided that Plaintiff agreed to waive any claims under the Age Discrimination in Employment Act ("ADEA"). Def.'s Facts ¶ 8. Plaintiff contends that he was told he had to sign the Agreement on the same day it was presented to him or he would not receive any of the severance package benefits. Resp. Ex. 1 ("Sims Affidavit") ¶¶ 5-6, ECF No. 17-1. Defendant argues that, as the text of the Agreement states, Plaintiff was offered twenty-one days to consider the Agreement but chose to execute it the same day. Mot. 5. Plaintiff signed the Agreement, and despite a provision in it allowing for revocation within seven days, never sought to revoke the Agreement. Def.'s Facts ¶ 11.

Plaintiff subsequently filed suit in Texas state court on July 15, 2010, asserting age discrimination and retaliation claims under the ADEA, 29 U.S.C. §§ 621-34, and Chapter 21 of the Texas Labor Code, known as the Texas Commission on Human Rights Act ("TCHRA"). Notice of Removal Ex. A ("Petition"), at 1, ECF No. 1-1. Defendant removed the case to this Court on August 11, 2010, Notice of Removal, ECF No. 1, and filed the instant Motion approximately nine months later. Mot.

## II. DISCUSSION

### A. Standard

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might

affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530

3

U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**B.     Analysis**

Defendant has moved for summary judgment on Plaintiff's claims of age discrimination and retaliation on the grounds that when Plaintiff signed the Agreement, he entered into an enforceable contract to release these claims. Mot. 5. Plaintiff responds that the Agreement is not enforceable because it does not meet certain statutory requirements set forth in the ADEA, so that it does not prevent him from asserting his claim. Resp. 7-8.

Both parties agree that the relevant standard for determining whether the waiver is enforceable is set by 29 U.S.C. § 626(f), enacted by the Older Workers Benefit Protection Act ("OWBPA") as an amendment to the ADEA.[2] Mot. 3-4; Resp. 4. The OWBPA "is designed to protect the rights and benefits of older workers" by putting in place "a strict, unqualified statutory stricture on waivers." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427 (1998). That stricture provides that employees "'may not waive' an ADEA claim unless the employer

---

[2] Plaintiff has asserted his claims under the ADEA and the TCHRA. Pet. 1. Defendant argues in its Motion that Plaintiff may only recover under one of these statutes, not both, and that the standard for waiver of claims under either statute is identical, so that its Motion applies to Plaintiff's claims, regardless of the statute he bases them on. Mot. 2 n.1. Defendant does not cite and the Court is not aware of any Texas statute setting out a standard for waivers similar to that of the OWBPA. While Defendant is correct that the TCHRA is meant to track federal employment laws, so that federal case law interpreting the ADEA is likely relevant to TCHRA claims, *see Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996), the Court does not believe this necessarily means that the OWBPA, a federal statute, would also apply with full force to waivers under the TCHRA. However, because the Court has discovered no authority discussing the issue and Plaintiff has not disputed it, the Court assumes for the purposes of this Order that Defendant's argument is correct.

complies with the statute." *Id.* The policy set in place by the OWBPA requires strict compliance, as it "incorporates no exceptions or qualifications." *Id.*

As relevant here, the OWBPA provides that an employee's waiver of an ADEA claim must be "knowing and voluntary," and that a waiver per se fails this test unless

> (A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;
> (B) the waiver specifically refers to rights or claims arising under [the ADEA];
> (C) the individual does not waive rights or claims that may arise after the date the waiver is executed;
> (D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;
> (E) the individual is advised in writing to consult with an attorney prior to executing the agreement;
> (F)(i) the individual is given a period of at least 21 days within which to consider the agreement . . . ; [and]
> (G) the agreement provides that for a period of at least 7 days following the execution of such agreement, the individual may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired[.]

29 U.S.C. § 626(f)(1). Additionally, the statute places the burden on the party asserting the validity of a waiver of proving that these requirements were met. *Id.* § 626(f)(3).

The Court finds that there is a dispute of material fact over whether the Agreement complies with at least one of these requirements. Specifically, Defendant argues that the twenty-one day consideration period was met and cites as evidence the fact that Plaintiff signed the Agreement, which states, "You further represent that the Housing Authority has provided you a period of at least 21 days in which to consider the terms of the Agreement and if this Agreement was executed sooner than 21 days, it was at your wish." Agreement ¶ 7. But Plaintiff has submitted an affidavit stating that he was orally told that if he did not sign the Agreement that

5

day, he would not receive any of the severance benefits. Resp. Ex. 1 ("Sims Affidavit") ¶¶ 5-6, ECF No. 17-1. While Defendant would have been within its rights to revoke the offered Agreement during the twenty-one day consideration window, *Ellison v. Premier Salons Int'l, Inc.*, 164 F.3d 1111, 1114-15 (8th Cir. 1999), a threat to do so would have been improper. *See* 29 C.F.R. § 1625.22(e)(6) (declaring that waivers executed before the expiration of the twenty-one day period are not enforceable if the employer induced the employee to sign through a "threat to withdraw or alter the offer prior to the expiration of" the period). Thus, the Agreement and Plaintiff's affidavit are in material conflict over whether the twenty-day consideration period requirement of the OWBPA was met. This conflict is sufficient to defeat Defendant's Motion.

Defendant argues that Plaintiff may not use his affidavit to create a dispute of material fact because of Texas's parol evidence rule. Mot. 4. However, it does not cite any cases holding that state or federal parol evidence rules are applicable when considering the validity of waivers of federal employment law claims. The Court has discovered no case law in the Fifth Circuit discussing this issue, and the sparse case law in other circuits points in conflicting directions. *Compare Callahan v. Unisource Worldwide, Inc.*, 451 F. Supp. 2d 428, 435 n.7 (D. Conn. 2006) (assuming that "the parol evidence rule does not guide the interpretation of ADEA waivers") *and Sullivan v. Cap Gemini Ernst & Young U.S.*, 518 F. Supp. 2d 983, 994 (N.D. Ohio 2007) (declining to apply the parol evidence rule and considering extrinsic evidence to determine whether a waiver under another employment statute met the applicable federal standard) *with Carpenter v. Gen. Motors Corp.*, 188 F.3d 506, at *3 (6th Cir. 1999) (unpublished table decision) (holding that a state parol evidence rule "precludes the admission of parol evidence of prior negotiations or conversations that may contradict the written agreement" waiving an ADEA

claim). In the context of waivers of ADEA claims, the Court finds the better view to be that neither state nor federal parol evidence rules prevent courts from considering extrinsic evidence when determining whether a waiver meets the requirements of the OWBPA. The Court reaches this conclusion for two independent reasons.

First, federal law governs the validity of waivers of rights based on federal law. *Rogers v. Gen. Elec. Co.*, 781 F.2d 452, 454-55 (5th Cir. 1986) (citing *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1208-09 (5th Cir. 1981); *N. Oil Co., Inc. v. Standard Oil Co. of Cal.*, 761 F.2d 699, 705 (Temp. Emer. Ct. App. 1985)). If a parol evidence rule could impact the examination of compliance with 29 U.S.C. § 626(f)(1), then, by necessity it would have to be a federal parol evidence rule, not one arising from state law. *See id.* Therefore, the Court respectfully disagrees with the Sixth Circuit's opinion in *Carpenter*, which applied a state parol evidence rule to an ADEA waiver. *See Carpenter*, 188 F.3d 506, at *3 (citing *UAW-GM Human Res. Ctr. v. KSL Recreation Corp.*, 579 N.W.2d 411, 418 (Mich. Ct. App.1998)).

Additionally, the question of the validity of the waiver here is not a matter of federal contract law, but rather one of compliance with a federal anti-discrimination statute. As the Supreme Court put it in *Oubre*, "[t]he OWBPA sets up its own regime for assessing the effect of ADEA waivers, separate and apart from contract law." 522 U.S. at 427. So, if a parol evidence rule applies, it must come from the OWBPA itself, not from contract law. Defendant has not cited and the Court has not discovered any statute or case law, *Carpenter* notwithstanding, showing that Congress intended any type of parol evidence rule to limit the field of evidence courts may consider when examining the validity of ADEA waivers. And the Court does not find this absence of authority surprising. If a parol evidence rule could prevent Plaintiff from

7

introducing evidence relevant to the statutory requirements, then the statute would quickly become toothless. Unscrupulous employers would need only include language in every waiver indicating that the statute was complied with, and then employees would be prevented from asserting their rights under the law, regardless of whether they had truly received its protections. Congress cannot have intended its "unqualified statutory stricture on waivers" and the "specific duties" it imposed on employers to be so easily circumvented. *Id.*

Second, even if the federal parol evidence rule did apply to disputes over the validity of waivers of ADEA claims, the Court would nonetheless find that the rule would not bar Plaintiff's affidavit evidence. The goal of the federal parol evidence rule "is the prevention of the variance of integrated agreements, usually written, by inconsistent contemporaneous or prior terms, usually oral." *Sylvania Elec. Prods., Inc. v. United States*, 458 F.2d 994, 1005 (Ct. Cl. 1972) (citing Restatement (First) of Contracts §§ 237, 240, 241 (1932)). However, the parol evidence rule allows the admission of evidence to establish "illegality, fraud, duress, mistake, lack of consideration, or other invalidating cause." Restatement (Second) of Contracts § 214 (1981). Plaintiff's affidavit evidence is of precisely this type; he seeks to show that the Agreement is not to be enforced at all by reason of illegality, namely, a failure to comply with the OWBPA's requirements for this kind of contract. Thus, even under its own terms, the parol evidence rule does not prohibit the Court from considering Plaintiff's affidavit. Indeed, this result appears to be the likely outcome in any dispute relating to compliance with the OWBPA; evidence of compliance will always bear on the illegality of the waiver, so whether the parol evidence rule applies or not, courts will always be able to consider extrinsic evidence if necessary.

Because Plaintiff's affidavit is properly before the Court and it creates an issue of

material fact regarding the enforceability of the Agreement, the Court does not reach Plaintiff's other arguments why the Agreement is unenforceable, and expresses no opinion on them.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion, ECF No. 15 is **DENIED**.

**SO ORDERED.**

**SIGNED** on this 31st day of August, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE